Wendy Musell, SBN 203507
STEWART & MUSELL, L.L.P.
2200 Powell St., Suite 440
Emeryville, CA 94608
Tel. (415) 593-0083
Fax: (415) 520-0920
Email: wmusell@stewartandmusell.com

John Ota, SBN 195532
LAW OFFICES OF JOHN OTA
1720 Broadway
Alameda, CA 94501
Tel. (510) 521-7047
Email: johnota@sbcglobal.net

Attorneys for Plaintiff PAUL A. BALLESTRASSE

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

(SAN FRANCISCO OR OAKLAND DIVISION)

| | |
|---|---|
| PAUL A. BALLESTRASSE,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>JEFF B. SESSIONS, U.S. ATTORNEY GENERAL,<br><br>　　　　　Defendant. | Case No.<br><br>COMPLAINT FOR:<br>1. Employment Discrimination Based on Age;<br>2. Employment Discrimination Based on Sex;<br>3. Employment Discrimination Based on Disability; and<br>4. Illegal Retaliation.<br><br><u>JURY TRIAL REQUESTED</u> |

**JURISDICTION AND VENUE**

1.　　This case is brought under the Age Discrimination in Employment Act of 1967 (ADEA), 29 U.S.C. § 621 *et seq.*; the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, as amended, and the Rehabilitation Act of 1973, 29 U.S.C. § 791 *et seq.*, as amended by the Americans With Disabilities Act and the Americans With Disabilities Amendments Act, and thus, this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

**EXHAUSTION OF REMEDIES**

2.　　Plaintiff timely contacted his agency's Equal Employment Opportunity (EEO) office

and timely filed complaints of discrimination with the Equal Employment Opportunity (EEO) office of the U.S. Department of Justice and also timely filed a mixed case appeal with the Merit Systems Protection Board (MSPB) on November 27, 2015. Because the MSPB had not resolved his mixed case appeal within 120 days, he timely filed this action in U.S. district court pursuant to 29 C.F.R. § 1614.310(h).

## THE PARTIES

3. Plaintiff PAUL A. BALLESTRASSE is an adult resident of California, 61 years old the year this action is filed.

4. Defendant JEFF B. SESSIONS is the UNITED STATES ATTORNEY GENERAL, the head of the U.S. DEPARTMENT OF JUSTICE, an executive agency within the meaning of the Civil Service Reform Act, 5 U.S.C. §1065. As such, defendant is responsible for administration of all programs within the agency, including the employment policies and practices of the U.S. DEPARTMENT OF JUSTICE in all regions and is in a position to create and implement a policy to eliminate and prevent any form of discrimination and retaliation and to provide complete relief for plaintiff. Defendant is sued in his official capacity.

## INTRADISTRICT ASSIGNMENT

5. Because plaintiff worked for defendant's U.S. DEPARTMENT OF JUSTICE in San Bruno, California, which is located in San Mateo County, and most if not all of the acts and omissions which are the subject of this action took place in San Mateo County, the San Francisco Division or Oakland Division of this Court is the proper intradistrict venue for this action.

## BACKGROUND FACTS

6. Plaintiff PAUL A. BALLESTRASSE graduated *cum laude* from the University of San Francisco in 1979 with a B.S. degree in accounting. From 1979 to about 1984, he worked as an auditor for the U.S. Department of Housing and Urban Development, and then he worked for about one year for the Federal Emergency Management Agency (FEMA).

7. In 1986, Plaintiff was hired as an auditor by the U.S. Department of Justice Office of Inspector General (OIG) and worked in the OIG San Francisco Regional Audit Office. He started out as a GS-9 auditor and received promotions to the position of GS-13 auditor. In his annual performance evaluations, he received "Successful" and "Excellent" ratings.

8. In about 2005, David Gaschke became the new Regional Audit Manager (RAM) in the OIG San Francisco Regional Audit Office. Soon it became apparent that Mr. Gaschke wanted to get rid of most of the older male auditors in the office, and replace them with young auditors, almost all of them women. Older male auditors were placed on Performance Improvement Plans, demoted, subjected to unfairly harsh criticisms, or pressured in other ways to transfer or retire, rather than face termination. Meanwhile, young women auditors were hired and given assignments that had previously been awarded to more experienced auditors. The result was that most of the older male auditors left and were replaced, mostly by young women auditors.

9. RAM Gaschke and most Assistant Regional Managers (ARAMs) under Gaschke treated Plaintiff more harshly than auditors who not in his protected categories in various ways including but not limited to: using subjective, shifting, unauthorized, unorthodox, unexpected and/or discredited auditing standards to criticize his audit work; criticizing and penalizing him for audit techniques and untimeliness although other auditors were not penalized for the same or similar actions; denying him assignment to more prestigious audit assignments; requiring him to obtain pre-approval before contacting grantors or grantees; undermining his leadership of an audit by negotiating a restart of the audit without informing him; subjecting his audits to more intensive scrutiny than any other auditor and assigning reviewers who have a reputation as among the toughest reviewers in the office to review his audits.

10. In or about 2010, RAM Gaschke proposed to demote ARAM Matt Grady, one of several male auditors in the office over the age of 40 who were already working in the San Francisco Regional Audit Office when Mr. Gaschke became RAM. ARAM Grady had been performing his duties successfully, but he had filed a successful discrimination complaint against RAM Gaschke. Plaintiff learned of the proposed demotion of ARAM Grady and submitted a letter to management dated June 18, 2010 supporting ARAM Grady and opposing his demotion. The proposed demotion of Mr. Grady was later withdrawn, but Grady accepted a job elsewhere due to the hostile work environment under RAM Gaschke.

11. Although RAM Gaschke signed Plaintiff's annual performance evaluation in December 16, 2011 giving Plaintiff all "Successful" ratings and no less than "Successful" ratings, less than one month later, RAM Gaschke gave Plaintiff a Memorandum of Advisement stating that

Plaintiff's work performance was unacceptable and warning that he would be placed on a Performance Improvement Plan if he did not improve his work performance.

12. On August 10, 2012, RAM Gaschke gave notice that he was placing Plaintiff on a Performance Improvement Plan (PIP), but RAM Gaschke failed to implement the PIP in good faith. Instead, management used the PIP as a means to terminate Plaintiff. Management's lack of good faith in implementing the PIP was evident in many ways, including its failure to develop a work plan consistent with the PIP period as required by OPM, its failure to meet with Plaintiff on a weekly basis as required under my PIP, and its denial or failure to grant the requests of Plaintiff's job coach and other accommodations and denying Plaintiff access to his work files and emails or providing him with redacted or inaccessible copies of his work files and emails which he needed to successfully complete his PIP and respond to management's criticisms of his work performance.

13. Plaintiff is a qualified person with disabilities, namely Asperger's Syndrome and Attention Deficit Disorder. Plaintiff requested reasonable accommodation of his disabilities, but management unreasonably delayed, denied and/or failed to grant the requests, and failed to engage in an interactive process with Plaintiff to determine reasonable accommodations of Plaintiff's disabilities.

14. Plaintiff filed a formal EEO complaint (agency case no. OBD-2012-01039) on October 15, 2012, alleging discrimination based on Plaintiff's disabilities, age and sex, and retaliation based on Plaintiff's prior protected activity.

15. RAM Gaschke proposed Plaintiff's termination in a letter dated June 27, 2013. Suddenly and without any warning, on June 27, 2013, management came to Plaintiff's office, took away his agency identification and electronic entrance cards, and physically escorted him out of the office in plain view of other employees. No other employee, terminated or otherwise, had been treated in this fashion. Management also refused to allow Plaintiff, even under the supervision of an Agency official, to collect his personal belongings, including privileged attorney-client communications. Instead, without Plaintiff's consent, management searched all of the personal property items in Plaintiff's office and improperly confiscated some of Plaintiff's personal property items.

16. In a September 17, 2013 notice, OIG Assistant Inspector General for Audit

- 4 -

Raymond Beaudet terminated Plaintiff's employment based on false accusations of poor performance and misuse of his work computer.

17. On or about November 25, 2013, OIG General Counsel William Blier falsely accused Plaintiff of harassing RAM Gaschke when Plaintiff visited Mr. Gaschke to offer support and wish him well when he was recovering in a hospital.

18. Following his termination, Plaintiff exhausted his administrative remedies by timely contacting an EEO Counselor, on January 29, 2014 timely filing a formal complaint alleging age, sex and disability discrimination and retaliation (agency case no. OBD-2014-00098), and on November 27, 2015, timely filing a mixed-case appeal with the Merit Systems Protection Board alleging that he had been terminated in violation of laws prohibiting age, sex and disability discrimination, and also in violation of the Whistleblower Protection Act and the Whistleblower Protection Enhancement Act (MSPB appeal nos. SF-0752-16-0278-I-3 and SF-1221-16-0135-W-1. Because the MSPB had not issued a decision within 120 days on the merits of his claims that he had been terminated in violation of laws prohibiting age, sex and disability discrimination, he had the right to file this action in district court pursuant to 29 C.F.R. § 1614.310(h).

## FIRST CAUSE OF ACTION

## EMPLOYMENT DISCRIMINATION BASED ON AGE

### (Age Discrimination in Employment Act of 1967, as amended)

19. Plaintiff realleges and incorporates all prior paragraphs as though fully set forth herein.

20. Plaintiff was an employee of the U.S. Department of Justice, a federal agency led by Defendant Sessions, and was over the age of 40 years at the time of his termination.

21. The U.S. Department of Justice, in violation of its legal duty under the Age Discrimination in Employment Act, as amended, discriminated in employment against Plaintiff based on his age by terminating his employment based on his age.

22. As a direct and proximate result of the U.S. Department of Justice's discriminatory termination of Plaintiff's employment based on his age, Plaintiff has suffered many economic, pecuniary and consequential losses, and has suffered emotional distress, pain and suffering, which has in turn caused Plaintiff to require medical, psychological and other treatment. Plaintiff has also

suffered other injury including but not necessarily limited to injury to his reputation, earning capacity and employment prospects.

Wherefore, Plaintiff prays for relief as hereinafter provided.

## SECOND CAUSE OF ACTION

## EMPLOYMENT DISCRIMINATION BASED ON SEX

**(Civil Rights Act of 1964, as amended)**

23. Plaintiff realleges and incorporates all prior paragraphs as though fully set forth herein.

24. Plaintiff was a male employee of the U.S. Department of Justice, a federal agency led by Defendant Sessions at the time of his termination.

25. The U.S. Department of Justice, in violation of its legal duty under the Civil Rights Act of 1964, as amended, discriminated in employment against Plaintiff based on his sex by terminating his employment based on his sex.

26. As a direct and proximate result of the U.S. Department of Justice's discriminatory termination of Plaintiff's employment based on his sex, Plaintiff has suffered many economic, pecuniary and consequential losses, and has suffered emotional distress, pain and suffering, which has in turn caused Plaintiff to require medical, psychological and other treatment. Plaintiff has also suffered other injury including but not necessarily limited to injury to his reputation, earning capacity and employment prospects.

Wherefore, Plaintiff prays for relief as hereinafter provided.

## THIRD CAUSE OF ACTION

## EMPLOYMENT DISCRIMINATION BASED ON DISABILITY

**(Rehabilitation Act of 1973, as amended)**

27. Plaintiff realleges and incorporates all prior paragraphs as though fully set forth herein.

28. Plaintiff was a qualified person with a disability under the Rehabilitation Act of 1973, as amended.

29. The U.S. Department of Justice, in violation of its legal duty under the Rehabilitation Act of 1973, as amended, discriminated in employment against Plaintiff based on

COMPLAINT AND DEMAND FOR JURY TRIAL

his disability by terminating his employment based on his disability. The U.S. Department of Justice further failed in its obligation to engage in good faith in the interactive process and failed to accommodate Plaintiff's disabilities.

30. As a direct and proximate result of the U.S. Department of Justice's discriminatory actions, including termination of Plaintiff's employment based on his disability, Plaintiff has suffered many economic, pecuniary and consequential losses, and has suffered emotional distress, pain and suffering, which has in turn caused Plaintiff to require medical, psychological and other treatment. Plaintiff has also suffered other injury including but not necessarily limited to injury to his reputation, earning capacity and employment prospects.

Wherefore, Plaintiff prays for relief as hereinafter provided.

## FOURTH CAUSE OF ACTION
## ILLEGAL RETALIATION

**(Age Discrimination in Employment Act of 1967, as amended, the Civil Rights Act of 1964, as amended, and the Rehabilitation Act of 1973, as amended)**

31. Plaintiff realleges and incorporates all prior paragraphs as though fully set forth herein.

32. Plaintiff engaged in activities protected under the Age Discrimination in Employment Act of 1967, as amended, the Civil Rights Act of 1964, as amended, and the Rehabilitation Act of 1973, as amended.

33. In violation of the Age Discrimination in Employment Act of 1967, as amended, the Civil Rights Act of 1964, as amended, and Rehabilitation Act of 1973, as amended, Plaintiff's employment was terminated in retaliation for his protected activities.

34. As a direct and proximate result of the U.S. Department of Justice's retaliatory termination of Plaintiff's employment based on his protected activities, Plaintiff has suffered many economic, pecuniary and consequential losses, and has suffered emotional distress, pain and suffering, which has in turn caused Plaintiff to require medical, psychological and other treatment. Plaintiff has also suffered other injury including but not necessarily limited to injury to his reputation, earning capacity and employment prospects.

Wherefore, Plaintiff prays for relief as hereinafter provided.

## PRAYER

Plaintiff prays for judgment against Defendant as follows:

(1) For a court order requiring the U.S. Department of Justice to pay Plaintiff back pay and benefits to the date of Plaintiff's termination;

(2) For a court order requiring the U.S. Department of Justice to reinstate Plaintiff to his previous job at the pay rate he would have reached if not for his wrongful termination, or an order requiring Defendant to pay Plaintiff front pay and benefits to a reasonable date beyond the date of the judgment in this action according to proof on all causes of action;

(3) For an order requiring Defendant to pay Plaintiff for all his past and future economic, general, special, pecuniary, consequential and compensatory damages according to proof on all causes of action;

(4) For an order requiring Defendant to pay Plaintiff $300,000. representing compensation for emotional distress, pain and suffering, injury to reputation, loss of earning capacity and other non-economic injuries according to proof on all causes of action;

(5) For an order requiring Defendant to pay Plaintiff liquidated damages under the Age Discrimination in Employment Act of 1967;

(6) For an order requiring Defendant to remove from Plaintiff's Official Personnel File all documents making reference to Plaintiff's termination or negative reference to Plaintiff's performance or conduct;

(7) If Plaintiff is not reinstated by Defendant, an order requiring the U.S. Department of Justice to give job references regarding Plaintiff to any inquiring employer stating that Plaintiff voluntarily resigned from his job with the U.S. Department of Justice and was performing his duties at or above a satisfactory level at the time of his resignation;

(8) For an award of interest, including prejudgment and post-judgment interest, at the legal rate;

(7) For an award of costs of suit incurred by Plaintiff, including reasonable attorneys' fees and costs on all Causes of Action; and

(8) For awards to Plaintiff of such other and further relief, including injunctive relief, as this Court deems just and proper.

- 8 -

COMPLAINT AND DEMAND FOR JURY TRIAL

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a jury trial for each cause of action for which he is entitled to a jury trial.

Date: April 5, 2017

Respectfully submitted,

STEWART & MUSELL, L.L.P.

By: _____
Wendy Musell, Esq.
Attorney for Plaintiff PAUL A. BALLESTRASSE

COMPLAINT AND DEMAND FOR JURY TRIAL