UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

PAUL A. BALLESTRASSE,

    Plaintiff,

v.

WILLIAM BARR,

    Defendant.

Case No. 17-cv-01875-SK

**ORDER REGARDING CONTINUING TRIAL**

The Court is willing to continue the trial, but only under the following conditions:

(1) Defendant may take the depositions (and videotape them) of witnesses who will be retiring and beyond the subpoena power of the Court, in order to preserve their testimony for trial. Plaintiff may cross-examine the witnesses at the depositions.

(2) Plaintiff must pay the costs of the videotaping and reporting fees to the court reporter and videographer before the depositions take place.

(3) The timing of the depositions will be before the witnesses retire, at the convenience of the Defendant.

(4) If Defendant identifies other witnesses who will be retiring before the new trial date and beyond the subpoena power of the Court, Defendant will meet and confer with Plaintiff to identify the additional witnesses. Plaintiff will be required to pay for the costs of videotaping and court reporting for those depositions before they occur, as well. If the parties disagree, they can submit the dispute to the Court using the standard procedure for discovery letter briefs.

(5) No other discovery will take place unless authorized by the Court.

If Plaintiff fails to make the payments for the depositions above, Defendant may file a

motion for terminating sanctions. The Court would hear the motion as a regular, noticed motion.

Bruce Krell specially appeared for Plaintiff and indicated that he is willing to represent Plaintiff under these conditions. By no later than February 3, 2020, Krell shall make a formal appearance in the record if he intends to represent Plaintiff in this matter.

With regard to the trial date, Plaintiff suggests two dates in October and December 2020. Because Defendant received those dates late on January 28, 2020, shortly before conference call the following morning, Defendant was unable to confer with witnesses about their availability. Defendant opposes the lengthy delay. Plaintiff provided no reason for the specific dates other than general health concerns for both Plaintiff and Plaintiff's counsel. Therefore, the Court instructs the parties to meet and confer about dates beginning in August 11, 2020. The Court will set aside eight days for trial. By no later than February 7, 2020, the parties shall file a stipulation or, if they cannot agree, a joint letter brief not to exceed 8 pages, proposing their requested trial date. If the parties cannot agree on a new trial date, the Court will select the earliest date, starting on August 11, 2020, when both parties do not have any scheduling conflicts.

As noted previously, the deadlines for meeting and conferring on and serving motions *in limine* as set forth in the Case Management and Pretrial Order (Dkt. No. 34) have already passed, and the continuances have not reset the clock for the deadlines on motions *in limine*. If Plaintiff seeks to move to exclude evidence, by no later than February 28, 2020, he must promptly seek leave to extend the deadlines regarding motions *in limine* and demonstrate good cause for his delay.

The deadline for the parties to meet and confer regarding their preparation of the joint pretrial conference statement and preparation and exchange of pretrial materials to be filed (including jury instructions, verdict forms and voir dire) as set forth in the Case Management and Pretrial Order will be continued to coincide with the new trial date, if any.

The Court will not entertain any further continuances unless there is a serious, verifiable medical issue. The Court will require medical documentation, submitted for *in camera* review, for any requests for delay. The Court has already continued the trial in this matter twice and is granting this continuance for the third time with great reluctance. The continuances of the trial

interfere with the Court's management of this case and the Court's docket and also potentially prejudice Defendant.  Nonetheless, with the conditions listed above, the Court can mitigate the harm to Defendant.

Stewart & Musell shall serve a copy of this Order on Plaintiff by no later than January 30, 2020.

**IT IS SO ORDERED**.

Dated: January 29, 2020



SALLIE KIM
United States Magistrate Judge